**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **ROBERT C. WEDDINGTON,** | * |
| Plaintiff, | * |
| v. | *   Civil Case No. SAG-21-00099 |
| **PROGRESSIVE CASUALTY INSURANCE,** | * |
| Defendant. | * |

**MEMORANDUM OPINION**

Robert C. Weddington ("Plaintiff"), who is self-represented, filed an Amended Complaint against three defendants, Progressive Casualty Insurance ("Progressive"), Victoria Fire and Casualty Insurance Company ("Victoria Fire"), and Juanita Roslyn Weddington ("Juanita Weddington"), relating to his insurance claims following a motor vehicle accident in 2012.[1] ECF 22. Two motions are presently pending: Progressive's Motion for Summary Judgment, ECF 33, and Plaintiff's Motion to Appoint Counsel and Motion for Hearing, ECF 37, which was filed as part of Plaintiff's opposition to Progressive's Motion. After review of the parties' briefing, this Court has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, Progressive's Motion will be granted and Plaintiff's motion to appoint counsel is denied.

---

[1] The docket reflects that Victoria Fire and Juanita Weddington have not yet been served with the summons and Amended Complaint. Plaintiff has represented that he does not know Juanita Weddington's whereabouts and is unable to provide the information required to effect service. ECF 37-1 ¶ 22 ("as I stated to the Courts. I have NO contact with Juanita R. Weddington, so I can't provide an address."). The United States Marshals Service is presently attempting to serve Victoria Fire. Progressive's summary judgment motion, however, is unrelated to and can be adjudicated without participation from the unserved co-defendants.

## I. FACTUAL BACKGROUND

The facts described herein are viewed in the light most favorable to the Plaintiff as the non-moving party.

According to the affidavit Plaintiff attached to his opposition, on August 3, 2012, his truck and trailer were involved in an accident in Massachusetts. ECF 37-1 ¶ 2. Four days later, Plaintiff met with a Progressive agent at a TA-Travel Center of America in Connecticut, where the agent assessed the damage to the vehicles. *Id.* ¶ 5. On August 17, 2012, Plaintiff again met with a Progressive agent "at Peter's Spring" to look over the truck. *Id.* ¶ 6. The agent took a copy of Plaintiff's license and informed him that once Progressive received the title, it would issue payment. *Id.* The agent also "totaled" Plaintiff's truck and explained that he might get around $15,500, telling him, "a lot of things on the truck could not be repaired and it's not worth it to fix it." *Id.* ¶ 8. In sum, Plaintiff states that he "spoke with Progressive Agents at most 4 or 5 time[s] between Connecticut and Maryland." *Id.* ¶ 20.

Essentially, Plaintiff alleges that his then-spouse, Juanita Weddington, told Progressive she owned his trucking company, *id* ¶ 5, corresponded with Progressive, *id.* ¶7, and presumably received and cashed the checks Progressive issued to pay the insurance claims. *Id.* ¶ 9. For example, Plaintiff suggests that a female (assumed to be Juanita Weddington) committed the crimes of fraud and felony theft of stolen checks. *Id.* ¶ 20.

Finally, Plaintiff contends (without citation to the source of the rule) that Progressive could not lawfully issue payment on the totaled truck without taking clear title to the vehicle in its name. *Id.* ¶ 14, 15. Plaintiff asserts, "There [*sic*] procedure is to transfer the title once they total it and take possession. I don't know if someone forgot to transfer who knows." *Id.* ¶ 17. In his original Complaint, Plaintiff alleged that the truck accrued significant highway tolls following the accident, for which he received bills even though he believed the truck was no longer titled in his name.

In response, Progressive submitted Plaintiff's Claim File with its motion, which reflects regular communication between Plaintiff and Progressive agents. ECF 33-2 through 33-4. In relevant part, the Claim File indicates that (1) the checks paid to Plaintiff were almost all handed to him directly, not sent in the mail, and (2) that Plaintiff retained the truck after receiving payment from Progressive for its loss value. *See* ECF 33-2 at 40, 64-65, 89-92, 93-94, 95-96, 104.

## II. LEGAL STANDARDS

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348-49 (quoting

*Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a court must view all of the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

In reviewing Progressive's summary judgment motion, the Court also considers Plaintiff's self-represented status:

> In *Bullock v. Sweeney*, 644 F. Supp. 507, 508 (N.D. Cal. 1986), the court found that a pro se plaintiff's pleadings and motions must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (writings by pro se complainants held to "less stringent standards than formal pleadings drafted by lawyers"); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986); *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).

*Wall v. AT & T Technologies, Inc.*, 754 F. Supp. 1084, 1089 (M.D.N.C. 1990). Although the Court applies that more liberal standard in reviewing a pro se response to a defendant's summary judgment motion, the pro se plaintiff "may not rest on [his] pleadings, but must demonstrate that specific, material facts exist that give rise to a genuine issue" to be tried before a jury. *Harleysville Mut. Ins. Co. v. Packer*, 60 F.3d 1116, 1120 (4th Cir. 1995) (citations omitted); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), *cert. denied*, 513 U.S. 813 (1994).

### III. ANALYSIS

#### A. Progressive's Motion for Summary Judgment

Plaintiff's claims against Progressive in the Amended Complaint fall into two general categories: claims that Progressive failed to pay him the checks owed under his insurance policy;

4

and claims that Progressive should be responsible for the tolls assessed to his truck following the 2012 accident. For the reasons described below, Plaintiff has not demonstrated the existence of a genuine issue of material fact as to either set of claims.

### 1. Plaintiff's Claims Relating to Payment of the Checks are Time-Barred

At the motion to dismiss stage of this case, this Court rejected Progressive's argument that dismissal was warranted, reasoning that the allegations of the Amended Complaint did not clearly establish that Plaintiff had or reasonably should have had notice of his claims more than three years before filing his suit. ECF 15 at 3. Now that a motion for summary judgment has been filed, however, this Court has to review the entire evidentiary record presented by the parties to consider the same question. On this record, the evidence is clear. By Plaintiff's own allegations, in 2012, he had multiple conversations with Progressive representatives about the insurance claims pertaining to his vehicles. *See* ECF 37-1 ¶¶ 5, 6, 8, 20. The fact that he denies having had *some* of the conversations described in the Claim File does not alter the analysis, which turns on whether Plaintiff reasonably should have been expecting to receive insurance checks from Progressive in or about 2012. Any reasonable person involved in a routine insurance claim would expect to receive payment in or around that same year.

The applicable statute of limitations for claims of this nature, under Maryland law, is three years. Md. Code Cts & Jud. Proc. § 5-101 (2013 Repl. Vol., 2016 Supp.). In this case, more than eight years elapsed between 2012 and the filing of Plaintiff's original complaint on January 12, 2021. Plaintiff's statute of limitations, however, expired in or about 2015, because he should have learned of the alleged breach when he did not receive the anticipated insurance payments in 2012. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 465 (4th Cir. 2007) (noting that under Maryland's discovery rule, the statute of limitations begins to run when a plaintiff knows or should have known

of the breach of contract); *see also Windesheim v. Larocca*, 116 A.3d 954, 962 (Md. 2015) ("[the] discovery rule [] tolls the accrual of the limitations period until the time the plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury."). Thus, Plaintiff's claims against Progressive relating to his failure to receive insurance payments were time-barred years before he filed his 2021 complaint.

This Court further notes that, even had Plaintiff's claims been timely, the evidence in his own affidavit suggests that Progressive fulfilled its contractual obligation to pay the insurance claims, but that the proceeds were stolen or converted by Juanita Weddington. *See* ECF 37-1 ¶ 23 (noting that the case "isn't about a breach of contract, this is about stolen checks."). Plaintiff has not met his burden to establish, by way of evidence, that Progressive bears some responsibility for criminal acts he alleges Ms. Weddington committed, or had any knowledge that Plaintiff had not received the payments it issued. Plaintiff's inability to locate Ms. Weddington does not make Progressive liable for her actions.

2. **Plaintiff Has Not Adduced Evidence Establishing Progressive's Responsibility for Transfer of the Title to his Truck**

The evidentiary record relating to Plaintiff's truck is somewhat murkier. While not a model of clarity, Plaintiff's affidavit suggests that Progressive must have taken title to the truck because it issued insurance payments to Plaintiff (although Plaintiff denies receiving them). Plaintiff does not cite any legal authority or contractual provision requiring Progressive to take title to the truck. Plaintiff also does not adduce any facts evidencing that Progressive actually took title to or possession of the truck. For example, he does not assert that he (or anyone else) physically transmitted the truck's title to Progressive or signed over title.

For its part, Progressive submits uncontroverted evidence that Plaintiff retained title to (or at least possession of) the truck after the accident, including indications in the Claim File that, on

August 20, 2012, Plaintiff did a test ride in the truck with a Progressive Agent, ECF 33-2 at 86; that on August 21, 2012, Plaintiff told a Progressive agent that he wanted to retain salvage, *id.* at 87; and that on September 13, 2012, Plaintiff told a Progressive agent that he had been to two dealerships who had told him that his truck was repairable and should not have been "totaled" by the insurer, *id.* at 104. In light of that evidence, and because Plaintiff has failed to meet his burden to demonstrate a genuine issue of material fact by producing evidence to support his theory that Progressive took title, Progressive is entitled to summary judgment on that claim as well.

### B.  Plaintiff's Motion to Appoint Counsel

Plaintiff has also filed a motion seeking appointment of counsel. A judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, to be exercised only when a pro se litigant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not require compulsory appointment of counsel upon request). For the reasons described above, Plaintiff does not have a colorable claim against Progressive. His motion to appoint counsel is therefore denied at present. If one of the other defendants is properly served process and Plaintiff is able to establish a colorable claim against that defendant, this Court will entertain a motion to reconsider whether appointment of counsel is appropriate.

## IV. CONCLUSION

For the reasons set forth above, Progressive's Motion for Summary Judgment, ECF 33, is GRANTED and judgment will be entered for Progressive as to all claims against it. Plaintiff's Motion to Appoint Counsel and Motion for Hearing, ECF 37, is DENIED without prejudice. A separate Order of Judgment follows.

Dated: September 27, 2021                               /s/
                                                                Stephanie A. Gallagher
                                                                United States District Judge