**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **ROBERT C. WEDDINGTON,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | Civil   Case   No.   SAG-21-00099 |
| | * | |
| **PROGRESSIVE CASUALTY INSURANCE,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM OPINION

Robert C. Weddington ("Plaintiff"), who is self-represented, filed an Amended Complaint against three defendants, Progressive Casualty Insurance ("Progressive"), Victoria Fire and Casualty Insurance Company ("Victoria Fire"), and Juanita Roslyn Weddington ("Juanita Weddington"), relating to his insurance claims following a motor vehicle accident in 2012. ECF 22. On September 27, 2021, this Court granted Progressive's motion for summary judgment on limitations grounds. ECF 40, 41. On November 8, 2021, this Court dismissed the claims against Juanita Weddington for failure to effect service of process. ECF 50. Three motions are presently pending: Victoria Fire's Motion to Dismiss or in the alternative for Summary Judgment, ECF 44; Plaintiff's "Motion to Appoint Counsel - Motion to Join Rules Rule 56(d)(2) Take Discovery," ECF 46, which was filed as part of Plaintiff's opposition to Victoria Fire's Motion; and Plaintiff's Motion for Reconsideration of this Court's September 27, 2021 order, ECF 47. This Court has reviewed those filings and the relevant responses. ECF 48, 49. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, Victoria Fire's Motion will be granted and Plaintiff's motions will be denied. Plaintiff's claims will be dismissed without prejudice.

1

## I.      PLAINTIFF'S RECONSIDERATION MOTION

In his motion, Plaintiff suggests that this Court erred by failing to permit discovery as to his claims against Progressive.  ECF 47.  As explained in this Court's September 27, 2021 memorandum opinion, however, Plaintiff's claims against Progressive are plainly barred by the statute of limitations.  ECF 40.  Discovery pertaining to the merits of his claims could not have altered that conclusion.  Accordingly, Plaintiff has not shown a clear error of law or any other basis justifying reconsideration of this Court's September 27, 2021 order.

## II.     FACTUAL BACKGROUND AS TO VICTORIA FIRE

The facts described herein are viewed in the light most favorable to the Plaintiff as the non-moving party.

This case revolves around a truck originally owned by Plaintiff that was totaled after a motor vehicle accident in 2012.  In relevant part, Plaintiff alleges that the truck was supposed to have been titled in someone else's name after it was totaled, but remained in his name, resulting in unpaid toll bills and other fees being assessed against him.  He alleges:

> Now Victoria Fire Cas. Inc. Company . . . Policy #006606558 had the following Truck Vin #2HSCEAMR72CO16471 that I owned that Progressive Casualty Inc. Totaled . . .  So How it landing on Victoria Fire Cas. Ins. Company Policy I have no clue.

ECF 22.

In the affidavit Plaintiff attached to his opposition, Plaintiff again alleges that Victoria Fire issued an insurance policy on the truck.  ECF 46.  He suggests that Victoria Fire "insured this vehicle when it was not lawful for them to do" and that Victoria Fire "is legally by contract and policy knowing or not knowing are responsible for Toll Bills, MVA Fees and cost of truck."  *Id.*

2

### III.   LEGAL STANDARDS

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss.  *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), aff'd sub nom., *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; see *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).  *Twombly*, 550 U.S. at 555.  Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation.  *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action," it is insufficient.  *Twombly*, 550 U.S. at 555.  Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable, and . . . recovery is very remote and unlikely."  *Twombly*, 550 U.S. at 556 (internal quotation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff."  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011).  However, a court is not required to accept legal conclusions drawn from the facts.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).  "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought.  *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  "However, liberal construction does not absolve Plaintiff from pleading a plausible claim."  *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), aff'd, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court

cannot ignore a clear failure to allege facts that support a viable claim."); aff'd 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## IV. ANALYSIS

### A. Victoria Fire's Motion to Dismiss

As noted above, Plaintiff's Complaint does not identify any particular legal cause of action against Victoria Fire, and the factual allegations relating to Victoria Fire are sparse. In Plaintiff's opposition, ECF 46, he again articulates that Victoria Fire had a policy insuring the truck, noting "I have never had any dealings with this company nor do I know how they came to insure this vehicle which was suppose [*sic*] to be out my name in 2012." ECF 46 ¶ 4. In his opposition, he also suggests three causes of action against Victoria Fire: fraud, libel, and contract. However, he has not alleged facts to substantiate any such claims.[1] Fraud must be pled with particularity, and Plaintiff has not alleged any fraudulent statement by any agent or representative of Victoria Fire.

---

[1] Even had Plaintiff alleged facts in his opposition to support the causes of action he mentioned, his Complaint would be subject to dismissal. *See Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (noting that a plaintiff "cannot, through the use of motion briefs, amend the complaint."). In this case, though, Plaintiff has not alleged facts to support a viable claim in any of his filings.

*See* Fed. R. Civ. Proc. 9(b) (requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake."). Libel is commonly defined as the oral or written communication of a defamatory statement about another, and Plaintiff again has not alleged any communication made by anyone associated with Victoria Fire. *See Libel*, Black's Law Dictionary (11th ed. 2019). Finally, Plaintiff has not alleged that he had any contract with Victoria Fire which might give him standing to assert a contract claim. In fact, he alleges the opposite when he concedes he "never had any dealings with this company." ECF 46 ¶ 4. Even construing Plaintiff's claims liberally because he is a pro se litigant, he has not articulated any viable legal theory or any facts that could plausibly support his assertion of a cause of action against Victoria Fire. His claims against that company, then, must be dismissed without prejudice.

### B. Plaintiff's Motion for Appointment of Counsel and for Discovery

As he has previously, Plaintiff again seeks appointment of counsel. A judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, to be exercised only when a *pro se* litigant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not require compulsory appointment of counsel upon request). For the reasons described above, at this point, Plaintiff has not articulated a colorable claim against Victoria Fire, and his motion must be denied.

As to Plaintiff's request for discovery, discovery commences after a defendant files an answer to a complaint. Because Plaintiff's complaint against Victoria Fire is being dismissed for failure to state a plausible claim, no answer will be filed and discovery is not warranted. Plaintiff's

invocation of Rule 56(d)(2) is unnecessary, because this Court is not treating Victoria Fire's motion as a motion for summary judgment but is purely evaluating the sufficiency of Plaintiff's Complaint.

## V.    CONCLUSION

For the reasons set forth above, Victoria Fire's Motion to Dismiss, ECF 44, is GRANTED and Plaintiff's claims against Victoria Fire are dismissed without prejudice.  Plaintiff's Motion to Appoint Counsel and Motion for Hearing, ECF 46, is DENIED, and Plaintiff's Motion for Reconsideration, ECF 47, is also DENIED.  This case will be closed.  A separate Order follows.


Dated: November 12, 2021                        _____/s/_____
                                                Stephanie A. Gallagher
                                                United States District Judge